IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PERFORMANCE FOOD GROUP CO., <br><br> Plaintiff, <br> v. <br><br> CUTLER AT ABBEVILLE, LLC, d/b/a CUTLER EGG PRODUCTS, <br><br> and <br><br> MOARK, LLC, <br><br> Defendants. | Civil Action Number 3:06CV29 |

**<u>MEMORANDUM OPINION</u>**

THIS MATTER comes before the Court on cross-motions for summary judgment filed by Plaintiff/Counter-Defendant Performance Food Group Company ("PFG") and Defendant/Counter Claimant Cutler at Abbeville, LLC d/b/a Cutler Egg Products and Moark, LLC (collectively "Cutler"). For the reasons discussed herein, this Matter is hereby DISMISSED.

I.

The dispute arises out of a failed business relationship for the supply of egg products between PFG and Cutler. The contract the parties seek to enforce is a July 3, 2003 Letter Agreement which gave Cutler the right to supply processed egg products under the West Creek brand name. The Court finds the alleged contract was an attempt to contract for the sale of goods, which subjects it to the provisions of the Uniform Commercial Code ("UCC"). Under the UCC, a contract must provide a specific quantity to be enforceable. <u>Va. Code Ann. § 8.2-201(3)(b)</u> ("the contract is not enforceable . . . beyond the quantity of goods shown in writing."). Since the Letter Agreement lacks a quantity

term, the Virginia Statute of Frauds bars PFG's enforcement of the contract. See Thomas J. Kline, Inc. v. Lorillard, Inc., 878 F.2d 791, 795 (4th Cir. 1989) (holding breach of contract claim is barred by the Statute of Frauds even though both parties intended to enter into a sales contract for an unidentified quantity of goods). This Court is unable to provide a quantity term and therefore the contract is unenforceable. It follows that the parties' breach of contract claims and Cutler's fraud in the inducement claim cannot stand.

Cutler's failure to raise the affirmative defense of the Statute of Frauds until its Motion for Summary Judgment, did not constitute a waiver of the defense. It is well established that failure to raise an affirmative defense by responsive pleading does not always result in waiver. See, e.g., Lucas v. United States, 807 F.2d 414, 418 (5th Cir. 1986) ("It has been held that 'defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time and [the plaintiff] was not prejudiced in its ability to respond.'") (quoting Allied Chem. Corp. v. MacKay, 695 F.2d 854, 855–56 (5th Cir. 1983)). Where the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Federal Rule of Civil Procedure 8(c) is not fatal. Allied Chem. Corp., 695 F.2d at 855–56. Here, Cutler raised the Statute of Frauds defense well in advance of trial, both in its Motion for Summary Judgment and in its opposition to PFG's Motion. PFG received fair notice of the Statute of Frauds defense and responded to Cutler's assertion in its responsive briefs. PFG has not claimed that its case was prejudiced in any way by Cutler's failure to plead the defense in its Answer, and first raised the issue of waiver in the hearing on the cross-motions for summary judgment. Cutler's failure to assert the Statute of Frauds defense in its Answer does not prevent the Court from considering this defense since it was raised in advance of trial.

II.

Accordingly, since this contract lacks a quantity provision, it is unenforceable under the Statute of Frauds provision of the UCC.  This Matter is hereby DISMISSED and has been removed from the Court's calendar.

      /s/   James R. Spencer
     CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this  20th  day of July 2006.